

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

UNITED STATES OF AMERICA

v.  Criminal No. 4:12cr10

ANTONIO DANIEL MCGHEE,
and

GABRIEL DANIEL MORRISON MITCHELL,
and

TRAVIS WILLIAMS,

      Defendants.

## OPINION AND ORDER

This matter is before the Court on a Motion for Judgment of Acquittal filed on July 6, 2012 by Defendant Antonio Daniel McGhee ("McGhee"). McGhee has moved pursuant to Rule 29 of the Federal Rules of Criminal Procedure to overturn his conviction on Count Four of the Superseding Indictment, Brandishing a Firearm during a Crime of Violence in violation of 18 U.S.C. § 924(c). McGhee's motion is fully briefed and is now ripe for decision. After careful consideration of the parties' submissions, for the reasons set forth below, the Court **DENIES** McGhee's motion.

## I. PROCEDURAL BACKGROUND

On February 8, 2012, a federal grand jury returned a multi-count indictment charging Defendant McGhee and co-Defendant

Gabriel Daniel Morrison Mitchell ("Mitchell") with Interference with Commerce by Robbery in violation of 18 U.S.C. §§ 1951(a) and 2 ("Count Two"), Carjacking in violation of 18 U.S.C. §§ 2119 and 2 ("Count Three"), and Brandishing a Firearm during a Crime of Violence in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2 ("Count Four"), in connection with the robbery and carjacking of a Sears contractor's appliance delivery truck on January 10, 2012. On April 5, 2012, a federal grand jury returned a multi-count superseding indictment charging co-Defendant Travis Williams ("Williams"), along with Defendants McGhee and Mitchell, with Counts Two through Four referenced above, and further charging all three Defendants with Conspiracy to Interfere with Commerce by Robbery in violation of 18 U.S.C. § 1951 ("Count One").

At trial, the evidence revealed that Anthony Wilson ("Wilson"), the driver of the Sears contractor's appliance delivery truck, was carjacked by two men. Unbeknownst to the driver, Williams, the helper on his truck, was involved in the carjacking conspiracy and was passing on information to the two carjackers about the truck's destination on the morning of the carjacking. Williams pretended to also be a victim of the carjacking. The two carjackers appeared at the appliance delivery destination and displayed a firearm, bound Wilson and Williams, later off-loaded the appliances at various locations,

2

and then abandoned the truck with Wilson and Williams left in the rear cargo area.

On June 22, 2012, at the conclusion of a multi-day trial in the Newport News Division of the Court,[1] the jury returned guilty verdicts against both Defendants McGhee and Mitchell on all counts.[2] The jury also specifically found that Defendant McGhee had brandished, as opposed to carried, a firearm during a crime of violence and that Defendant Mitchell had carried, as opposed to brandished, a firearm during a crime of violence. (See attached verdict forms).

Following the verdicts, counsel for Defendant Mitchell renewed his Rule 29 Motion for Judgment of Acquittal and further moved to set aside the jury's verdict, which motions the Court denied for the reasons stated on the record. Counsel for Defendant McGhee reserved the right to file any such motions within the time frame provided by Rule 29.[3] Defendant McGhee

---

[1] During trial, Defendants McGhee and Mitchell moved pursuant to Rule 29 at the close of the Government's case for judgment of acquittal on Counts One and Two. The Court denied this motion for the reasons stated on the record. Defendants McGhee and Mitchell renewed their motion for a judgment of acquittal at the close of all evidence. The Court again denied the motion.

[2] Defendant Williams entered a plea of guilty on Counts One and Four on May 31, 2012. Defendant Williams testified against Defendants McGhee and Mitchell at the jury trial and was sentenced in accordance with his plea of guilty on October 11, 2012.

[3] Rule 29 provides that: "A defendant may move for judgment of acquittal or renew such motion within 14 days after a guilty verdict or after the court discharges the jury, whichever is later." Fed. R. Crim. P. 29(c)(1).

timely moved for a Judgment of Acquittal as to Count Four on July 6, 2012. The Government filed a written response in opposition to Defendant McGhee's motion on July 16, 2012. The pending motion is now ripe for review.

## II. DISCUSSION

### A. LEGAL STANDARD

Federal Rule of Criminal Procedure 29 allows a district court to enter a judgment of acquittal for "any offense on which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). The court must deny such a motion and sustain a guilty verdict in a criminal case tried by a jury "'if there is substantial evidence, taking the view most favorable to the Government, to support it.'" United States v. Cameron, 573 F.3d 179, 183 (4th Cir. 2009) (quoting United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc)). "'[S]ubstantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" Id. (quoting Burgos, 94 F.3d at 862). The United States Court of Appeals for the Fourth Circuit has held that the uncorroborated testimony of a single witness—whether a codefendant, an accomplice, or an informant—may be sufficient to support such a conclusion. United States v. Wilson, 115 F.3d 1185, 1189-90 (4th Cir. 1997) (citing United States v. Baker, 985 F.2d 1248, 1255 (4th Cir.

4

1993) and United States v. Arrington, 719 F.2d 701, 705 (4th Cir. 1983)). Additionally, it is "[t]he jury, not the reviewing court, [who] assesses the credibility of [such] witnesses and resolves any conflicts in the evidence presented." United States v. Lentz, 383 F.3d 191, 199 (4th Cir. 2004).

When determining whether the evidence is sufficient to support the jury's verdict, a court "must consider circumstantial as well as direct evidence, and allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). Thus, "[a] defendant challenging the sufficiency of the evidence to support his conviction bears 'a heavy burden.'" United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997) (citing United States v. Hoyte, 51 F.3d 1239, 1245 (4th Cir. 1995)).

## B. ANALYSIS

Defendant McGhee asks the Court to grant the pending motion for judgment of acquittal, thereby setting aside the jury's finding of guilt on Count Four, based on the alleged insufficiency of the evidence to sustain such conviction. In the alternative, Defendant McGhee asks the Court to enter a finding that he carried, rather than brandished a firearm, arguing that insufficient evidence and jury confusion resulted in the brandishment finding. In support of his motions,

Defendant McGhee argues that: (1) the evidence did not show that a <u>real</u> firearm was used, carried, or possessed; (2) the evidence did not show that it was Defendant McGhee who brandished the firearm; and (3) jury confusion likely caused the jury to find that Defendant McGhee brandished a firearm. ECF No. 94. The Court addresses each asserted ground in turn.

### 1. Evidence of Firearm

Defendant McGhee argues that the evidence presented at trial was insufficient to support a conviction on Count Four because it did not establish beyond a reasonable doubt that "an actual or real firearm" was used, carried, or possessed during or in furtherance of the offenses of conviction. (Docket No. 94). Defendant McGhee contends that, because the evidence was insufficient, the jury was required to speculate as to whether the "revolver" described by witnesses was a real firearm and not "a fake or toy gun." Id.

To sustain a conviction under 18 U.S.C. § 924(c)(1), the Court must find that a firearm was used, carried, or possessed during and in relation to a crime of violence or drug trafficking crime. 18 U.S.C. § 924(c)(1)(A). For purposes of § 924(c), the term "firearm" is defined as: "(A) any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; (B) the frame or receiver of any such weapon; (C) any

firearm muffler or firearm silencer; or (D) any destructive device…." 18 U.S.C. § 921(a)(3). The firearm supporting a § 924(c) conviction need not be seized or offered into evidence to sustain such conviction. United States v. Jeffers, 570 F.3d 557, 566 n.6 (4th Cir. 2009) (citing United States v. Jones, 907 F.2d 456, 460 (4th Cir. 1990)). Eyewitness testimony alone can be sufficient to prove that the object used, carried, or possessed was, in fact, a firearm. United States v. Redd, 161 F.3d 793, 797 (4th Cir. 1998) (citing Jones, 907 F.2d at 460).

At trial, Wilson, the victim and driver of the delivery truck, testified in detail about the manner in which the carjacking took place and the firearm in question, describing it as a "brown revolver." Additionally, co-Defendant Williams testified that he felt what he believed to be a firearm against his back during the course of the robbery. Co-Defendant Williams also provided testimony linking McGhee and Mitchell to firearms on more than one prior occasion in his interactions with them.

When considering the sufficiency of such evidence, the Court is required to view the evidence and all reasonable inferences from it in the light most favorable to the Government. Tresvant, 677 F.2d at 1021; see also United States v. Laughman, 618 F.2d 1067, 1075 (4th Cir. 1980). Having considered Wilson and co-Defendant Williams's testimony in this

light, the Court **FINDS** that the evidence at trial was more than sufficient to permit a rational jury to conclude that an actual firearm was carried, used, or possessed during a crime of violence (robbery).

## 2. Evidence of Brandishment

Defendant McGhee next argues that the evidence was insufficient to establish that <u>he</u> brandished the firearm. Instead, he contends that the evidence established that Defendant Mitchell brandished the firearm and, therefore, that no reasonable jury could have found that Defendant McGhee brandished a firearm, only that he carried one.

As a threshold matter, a finding that Defendant McGhee "brandished" a firearm is not necessary to sustain his conviction under § 924(c). The elements required to sustain a conviction under § 924(c) are (1) the defendant used, carried, or possessed a firearm; and (2) the defendant did so during and in relation to a drug trafficking crime or crime of violence. 18 U.S.C. § 924(c)(1)(A). Whether the defendant "brandished" a firearm is a sentencing factor that increases the mandatory minimum sentence from five years to seven; it is not an element of the offense. <u>United States v. Harris</u>, 243 F.3d 806, 812 (4th Cir. 2001). Accordingly, the evidence would be sufficient to support Defendant McGhee's conviction on Count Four even if the Court were to find that Defendant McGhee carried, as opposed to

brandished, the firearm.

Furthermore, the evidence at trial was sufficient to sustain a finding that a firearm was brandished during the offenses of conviction. For purposes of § 924(c), a firearm is brandished if all or part of it is displayed or its presence is otherwise made known "to another person in order to intimidate that person, regardless of whether the firearm is directly visible to that person." 18 U.S.C. § 924(c)(4). Wilson testified at trial that when he first encountered Defendants McGhee and Mitchell, both of whom were masked, one of them punched him in the face with a closed fist. Wilson further testified that he intended to strike the assailant back, but stopped and submitted when the other man pointed a firearm at him. Neither Defendant McGhee nor Defendant Mitchell challenged this testimony on cross-examination. Similarly, co-Defendant Williams testified that, as he exited the customer's home where they were delivering the appliance and approached the delivery truck, Mitchell came up behind him and ordered him to get in the truck, pressing what Williams testified felt like a handgun into his lower back. The testimony of both Wilson and co-Defendant Williams was thus sufficient to establish that a firearm was brandished during the offenses of conviction.

Defendant McGhee next contends that the evidence at trial established that Defendant Mitchell brandished the firearm, not

Defendant McGhee. Accordingly, Defendant McGhee asks the Court to enter a finding that he carried, rather than brandished, a firearm during the offenses of conviction. The Court declines to do so.

The jury convicted Defendants Mitchell and McGhee of conspiracy to interfere with commerce by robbery. All members of a conspiracy are liable for a co-conspirator's substantive offenses if those offenses were committed in furtherance of the conspiracy. Pinkerton v. United States, 328 U.S. 640, 646-647 (1946). Accordingly, "[a] defendant may be convicted of a § 924(c) charge on the basis of a coconspirator's use of a gun if the use was in furtherance of the conspiracy and was reasonably foreseeable to the defendant." United States v. Wilson, 135 F.3d 291, 305 (4th Cir. 1998) (citing United States v. Chorman, 910 F.2d 102, 110-11 (4th Cir. 1990)); see also United States v. Lazaro, 449 Fed. App'x 319, 320 (4th Cir. 2011) (unpublished) (holding that co-conspirator liability in the context of a § 924(c) charge extends to the application of the brandishing sentencing enhancement). Thus, a defendant may be awarded the enhancement "on the ground that it was reasonably foreseeable that [his] codefendants would brandish their weapons." Id.

The evidence at trial established that on more than one prior occasion, Defendants McGhee and Mitchell threatened co-

Defendant Williams with a firearm to encourage his participation in the offenses of conviction, that Defendant McGhee was present and active in the commission of the offenses of conviction, and that a firearm was brandished against both co-Defendant Williams and Wilson during such offenses. Reviewing such evidence in the light most favorable to the Government and in the context of the jury's verdict as to Count One, the Court **FINDS** that there is sufficient evidence to support the application of the brandishing enhancement under § 924(c)(1)(A)(ii) to Defendant McGhee, regardless of which defendant actually brandished the firearm. Even if Defendant McGhee were correct that the evidence established Defendant Mitchell brandished the firearm (a finding the Court declines to make), the Court finds, in light of the evidence at trial, that it was reasonably foreseeable to Defendant McGhee that Defendant Mitchell would brandish a firearm during the offense of conviction. Therefore, the Court declines to enter a finding that Defendant McGhee carried, rather than brandished the firearm. Additionally, because brandishing is a sentencing factor and not an element of the offense under § 924(c), the Court further declines to upset the jury's finding of guilt as to Count Four.

### 3. Allegations of Jury Confusion

Defendant McGhee's final argument is that jury confusion led to the finding that he brandished, rather than carried, a

firearm during the commission of the offense of conviction. During trial proceedings when the jury returned its verdict, the Court brought to the attention of counsel at a sidebar discussion the fact that it appeared that the foreperson had meant to check only one of the two blanks on the second page of the special verdict form but that there appeared to be the start of a small mark in the first blank (the "carried the firearm" blank) as well as a fully formed check mark in the second blank on the form (the "brandished the firearm" blank). The Court showed the form to counsel at the sidebar and noted to counsel that because it appeared as if the foreperson only meant to check one of the two blanks on the second page of the verdict form, the Court would ask the foreperson to clarify the jury's intent on the record. All defense counsel agreed to this method of proceeding, and the Court then inquired of the foreperson as follows:

> THE COURT: I'm going to -- on one of these verdict forms it looks like something on the second page was started to -- there's something in one of the blanks and then a little bit of something in another of the blanks. And I'm not sure that I know exactly what that means. I'm going to hand this back to the foreperson and so that you can clarify on there. So if you did not mean to put anything in the first blank --
>
> JURY FOREPERSON: Correct.
>
> THE COURT: -- can you just mark through it with that white-out?

(Jury Foreman received verdict form and complied.)

THE COURT: Okay. Thank you.

Trial Tr. 982, ECF No. 103.

As is obvious from the above transcription, in response to the Court's inquiry, the foreperson clarified that the jury intended to make a finding that Defendant McGhee brandished the firearm, which reflected the completed check mark made on the second page of the special verdict form. (See attached). The foreperson confirmed that the small mark in the "carried the firearm" blank was a mistake, and was then asked to white-out the additional small mark on the "carried the firearm" line of the special verdict form as a scrivener's error. Defendant McGhee contends that such confusion, coupled with insufficient evidence of brandishing, proves that "the evidence did not rise to a level beyond a reasonable doubt that [Defendant] McGhee brandished the firearm." As discussed above, the brandishing enhancement is a sentencing factor that need not be charged in the indictment nor proven beyond a reasonable doubt. <u>Harris</u>, 243 F.3d at 812. In light of the evidence presented at trial, as reviewed above, the Court reiterates its above finding that such evidence was sufficient to sustain the jury's finding that Defendant McGhee brandished a firearm.

The Court further declines to upset such finding on the basis of alleged jury confusion. Even if the verdict forms were

13

inconsistent, it is not necessary that a jury's verdict be consistent. United States v. Harris, 701 F.2d 1095, 1103 (4th Cir. 1983) (quoting Dunn v. United States, 284 U.S. 390, 393 (1932)). A jury may acquit a defendant of one offense while convicting him of another. Id. Likewise, the jury may absolve one defendant while holding another accountable. Id. "The most that can be said in such cases is that the verdict shows that either in the acquittal or the conviction, the jury did not speak their real conclusions, but that does not show that they were not convinced of the defendant's guilt." Id. A jury's verdict may be "the result of carelessness or compromise or a belief that the responsible individual should suffer the penalty…." Id. (quoting United States v. Dotterweich, 320 U.S. 277, 279 (1943)). Furthermore, the jury "may exercise lenity in order 'to prevent the punishment from getting too far out of line with the crime.'" Id. (quoting United States v. Scheper, 520 F.2d 1355, 1358 (4th Cir. 1975)). Even when a verdict is "in conflict with the evidence and applicable rules of vicarious guilt," it may be "legally unassailable [as a] product of jury lenity." Id.

In this case, Defendant McGhee bases his contention of jury confusion on the presence of what he terms a "hesitation mark" on the special verdict form. As a threshold matter, Defendant McGhee never objected to the special verdict form at trial.

14

Additionally, as Defendant McGhee acknowledges, the Court inquired about the hesitation mark, discussed how to address the mark with counsel at a sidebar, and then discussed the jury's intended finding with the jury foreperson at length and on the record in the presence of the entire jury. In light of the jury foreperson's clarification that the jury intended to only make a finding that Defendant McGhee brandished the firearm, the Court allowed the foreperson to white out the additional small mark on the special verdict form as a scrivener's error. After the special verdict form was read by the Clerk, the jury was polled at Defendants' request, and affirmed their unanimous verdicts as to each Defendant. Therefore, the Court **FINDS** that there is no evidence in the record that the jury was confused in finding that Defendant McGhee brandished a firearm.

The Court further **FINDS** that, to the extent the jury's findings as to co-Defendants McGhee and Mitchell on the issue of brandishment are inconsistent, any inconsistency may be attributable to jury lenity. Defendant McGhee testified at trial, while Defendant Mitchell did not. The jury heard and rejected Defendant McGhee's testimony. They may well have shown Defendant Mitchell leniency because he did not testify. "Where[,] as here[,] the jury's [allegedly] inconsistent findings are explainable as an exercise of lenity, that explanation—rather than confusion or vindictiveness resulting in

15

heightened punishment on the other count or of the other defendant—will be credited." Harris, 701 F.2d at 1103 n.14 (quoting Dunn, 284 U.S. at 393-94).

### III. CONCLUSION

For the reasons provided above, the Court **DENIES** Defendant McGhee's Rule 29 motion for judgment of acquittal.

The Clerk is **DIRECTED** to send a copy of this Opinion and Order to defense counsel for each defendant and to the Assistant United States Attorney.

**IT IS SO ORDERED.**

/s/ Mark S. Davis
Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
December 20, 2012